UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE M. JOHNSON,

        Plaintiff,

v.                                                                                No. 3:22-cv-702-BJD-PDB

SGT. GARNER and
CAPTAIN TOMLIN,

        Defendants.
_____

**ORDER**

Plaintiff, Lee M. Johnson, an inmate of the Florida penal system, is proceeding *pro se* and *in forma pauperis* on a civil rights complaint (Doc. 1) against Sergeant Garner and Captain Tomlin for incidents that occurred at Columbia Correctional Institution Annex in April and May 2022. Plaintiff, who is now housed at Florida State Prison (FSP), moves the Court for entry of a preliminary injunction and temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure (Doc. 14; Pl. Mot.).

In the Motion, Plaintiff complains that he is "in imminent harm of physical injury and death from [officers at FSP]," who Plaintiff alleges have retaliated against him for filing grievances and prosecuting this lawsuit. Pl. Mot. at 2. He explains that he was transferred to FSP on September 6, 2022,

in retaliation for having filed this lawsuit, and since his transfer, various officers have threatened and beaten him for the same reason and because he is "a writ writer." *See generally id.* He also says some officers have refused to feed him, telling him that they will "starve [him] to death if he [continues] with the lawsuit," *id.* at 5 (internal punctuation removed), and told him they plan to assault or kill him in December during "snitch-week," *id.* at 7. Plaintiff asserts he did not eat from September 9th through September 25th. *Id.*[1] Plaintiff asks to be transferred to another prison, for the Court to issue a temporary restraining order against the officers who have assaulted and threatened him, and for the Court to issue a preliminary injunction directing prison officials to "stop all physical ass[a]ults" and other abusive conduct against him. *Id.* at 11. He also requests the appointment of counsel. *Id.* at 12.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163,

---

[1] In light of Plaintiff's assertions, in an abundance of caution, the Clerk of Court sent a copy of Plaintiff's motion (Doc. 14) and the Court's Amended Standing Order (Doc. 15) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

2

1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Notably, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. *See* M.D. Fla. R. 6.01, 6.02(a)(1). Regardless, however,

Plaintiff seeks relief from individuals who are not named Defendants based on conduct that occurred after he initiated this action. In fact, Plaintiff wholly fails to argue or even reference, much less demonstrate, a likelihood of success on the merits of his underlying claims against Defendants Garner and Tomlin. *See generally* Pl. Mot.

Even if Plaintiff had satisfied the prerequisites for entry of an injunction, he fails to seek appropriate relief. For instance, inmates do not have a constitutional right to be housed at a particular penal institution. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). And an order granting the other relief Plaintiff seeks—essentially, a directive to prison officials that they obey the law—would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the

4

specificity requirements of the Federal Rules of Civil Procedure"). Finally, for the reasons previously stated, *see* Order (Doc. 11), Plaintiff is not entitled to the appointment of counsel at this time.

Accordingly, Plaintiff's motion (Doc. 14) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Lee M. Johnson