UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE M. JOHNSON,

    Plaintiff,

v.                                                          No. 3:22-cv-702-BJD-PDB

SGT. GARNER and
CAPTAIN TOMLIN,

    Defendants.
_____

## **ORDER**

    Plaintiff, Lee M. Johnson, an inmate of the Florida penal system, is proceeding *pro se* and *in forma pauperis* on a civil rights complaint (Doc. 1) against Sergeant Garner and Captain Tomlin for allegedly permitting another inmate to sexually assault him or preventing him from immediately reporting the incident or seeking medical attention. The incident occurred at Columbia Correctional Institution Annex (CCI) in May 2022. Plaintiff is now housed at Florida State Prison (FSP), and he moves the Court for entry of a preliminary injunction and temporary restraining order based on incidents that occurred there (Doc. 33; Pl. Mot.).

    Plaintiff alleges he is "suffering life threatening retaliation . . . from officers at FSP" for having filed a lawsuit against Garner and Tomlin. Pl. Mot.

¶ 3. He contends he "is being sexually assaulted almost every night" and is being physically abused and refused food. *Id.* ¶¶ 4, 7-8. He suspects he has "internal injuries" because of the sexual assaults and says he has not eaten in five days. *Id.* ¶¶ 4, 6. Plaintiff asserts the abuse involves the Warden of FSP, Donald Davis, who allegedly told Plaintiff that he "gave his officers the 'green light' to torture and kill [him]." *Id.* ¶ 5. Warden Davis allegedly mentioned Plaintiff's lawsuit when threatening him. *Id.*

Additionally, Plaintiff alleges the PREA ("Prison Rape Elimination Act") coordinator refused to accept his grievances, a captain (Knight) told Plaintiff that Warden Davis gave him the "go ahead" to kill him, the head of the mental health department (Dr. "E") told Plaintiff he would be "killed at [FSP]," another doctor (Smith) told him to "give up and accept his death," and a lieutenant (Sanders) told him he would be beaten to death by a cell extraction team. *Id.* ¶¶ 11, 15-18.[1] Plaintiff asserts he feels like killing himself because of the abuse he has endured and will continue to endure if he remains at FSP. *Id.* ¶¶ 12, 20.[2] Plaintiff requests an order directing his transfer to another correctional institution. *Id.* ¶¶ 14, 24.

---

[1] There is no paragraph numbered "17."

[2] In light of Plaintiff's assertions, the Clerk of Court sent a copy of Plaintiff's motion (Doc. 33) and the Court's Amended Standing Order (Doc. 34) that is entered

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[3] "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir.

---

when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's institution.

[3] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). *See also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Despite the seriousness of his allegations, Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. He has not filed a memorandum of law supporting his request. *See* M.D. Fla. R. 3.01(a), 6.01(a), 6.02(a)(1). Even more, however, he seeks relief unrelated to the claims raised in his complaint. Indeed, in his motion, Plaintiff does not address at all the underlying claims against the two CCI officers he names in his complaint. *See generally* Pl. Mot. Rather, he seeks injunctive relief against individuals at FSP, whom he has not sued.

Accepting as true Plaintiff's allegations, he alleges individuals at FSP have violated his constitutional rights, but he has not filed a civil rights complaint form against them. Regardless, to obtain the drastic remedy of injunctive relief, a plaintiff must do more than state a colorable or cognizable claim. *See S. Wine & Spirits of Am., Inc. v. Simpkins*, No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.").

The motion is also deficient because Plaintiff does not include a "precise and verified description of the conduct and the persons subject to restraint." *See* M.D. Fla. R. 6.01(a), 6.02(a)(1). To the extent he asks the Court to direct prison officials to stop violating his rights, an order granting him the relief he seeks would not satisfy Rule 65's specificity requirement. *See* Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)). *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure"). *See also* 18 U.S.C. § 3626(a) (requiring that a court ensure any prospective relief in an action related to prison conditions "is narrowly drawn, extends no further than necessary to correct the violation . . . and is the least intrusive means to correct the violation").

To the extent Plaintiff asks to be transferred to another institution, he is advised that district courts generally will refrain from interfering in matters of prison administration, including an inmate's custody status or location of confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that

5

the decision where to house inmates is at the core of prison administrators' expertise."); *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). *See also Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

If Plaintiff wants to pursue civil rights claims against individuals at FSP, he may initiate a new civil rights action by filing a new complaint. The Clerk will send him a blank civil rights complaint form for his use.

For the foregoing reasons, Plaintiff's motion will be denied without prejudice. However, given the seriousness of his allegations—food deprivation, daily sexual assault, denial of access to the PREA grievance process, death threats by officers and Warden Davis, and suicidal thoughts—and given Plaintiff alleges Warden Davis personally has threatened him in retaliation for filing this lawsuit, the Court will direct the Office of the Inspector General to file a response.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 33) is **DENIED without prejudice**.

2. The Office of the Inspector General for the Florida Department of Corrections shall file a response to Plaintiff's motion (Doc. 33) by **July 13, 2023**. At a minimum, the response should acknowledge receipt of the Court's Amended Standing Order (Doc. 34) and advise the Court what steps, if any, have been or will be taken to investigate Plaintiff's specific allegations, including those against Warden Davis.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint form (prisoner filings). If Plaintiff chooses to initiate a new case, he should not put this case number on the form. The Clerk will assign a new case number upon receipt

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of July 2023.

BRIAN J. DAVIS
United States District Judge

Jax-6
c: Lee M. Johnson
Counsel of Record
FDC Inspector General