UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE M. JOHNSON,

    Plaintiff,

v.        Case No. 3:22-cv-702-BJD-PDB

SGT. GARNER and
CAPTAIN TOMLIN,

    Defendants.
_____

# ORDER

## I. Status

Plaintiff, Lee M. Johnson, an inmate of the Florida penal system, is proceeding *pro se* and *in forma pauperis* on a civil rights complaint (Doc. 1) against two officers at Columbia Correctional Institution Annex (Sergeant Garner and Captain Tomlin) for allegedly permitting another inmate to sexually assault him or preventing him from reporting what happened. Plaintiff alleges that, on April 28, 2022, Defendant Garner announced to over fifty inmates that Plaintiff was a "snitch" and a "child molester" and told one inmate in particular (Inmate Workman) to "take care of this snitching child molester for me." *See* Doc. 1 at 6. Three days later, Inmate Workman put a knife to Plaintiff's throat and forced him to "perform oral sex on him." *Id.* at 7. Inmate Workman told Plaintiff he was punishing him at Defendant Garner's

instruction for being a "snitching . . . child molester." *Id.* Inmate Workman allegedly told Plaintiff, "Garner gave me the green light to keep you in line." *Id.*

The next day, Plaintiff sought protection and medical assistance. *Id.* at 8. To that end, he told Defendant Tomlin what happened. Defendant Tomlin moved Plaintiff to a confinement cell but would not allow him to report the sexual assault or seek medical attention for twenty-four hours. *Id.* Plaintiff claims he begged every officer who walked by for assistance, but they denied him, saying "[Defendant] Tomlin already told you, your [sic] not snitching, go lay down or your [sic] getting gassed." *Id.* According to Plaintiff, Defendant Tomlin personally visited his cell on May 3, 2022, to threaten him from "snitching on [Defendant] Garner." *Id.* at 9. Plaintiff contends Defendant Garner violated his Eighth Amendment rights (cruel and unusual punishment), and Defendant Tomlin violated his First Amendment rights (retaliation). *Id.* at 3.

Defendants jointly move to dismiss the complaint (Doc. 27).[1] Plaintiff opposes the motion (Doc. 29).

---

[1] Defense counsel names solely Defendant Tomlin in the opening paragraph of the motion, but he addresses both Defendants in the body of the motion and the conclusion. *See* Doc. 27 at 1, 7-8, 13.

2

## II. Motion to Dismiss Standard

A defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Analysis

Defendants move to dismiss the complaint on the following grounds: Plaintiff fails to state a plausible claim under the First or Eighth Amendments, and the Eleventh Amendment bars any claim against them in their official capacities for damages. *See* Doc. 27 at 7-8, 12. In his response, Plaintiff argues he states a plausible claim under the Eighth Amendment against Defendant Garner because he alleges Garner directed Inmate Workman to harm him for being both a snitch and a child molester, and Inmate Workman did so. *See* Doc. 29 at 2-3, 7. Plaintiff does not address his retaliation claim against Defendant

3

Tomlin, nor does he maintain he pursues a retaliation claim against Defendant Garner. *See generally id.*

First, it appears Plaintiff abandons his claim against Defendant Tomlin, or otherwise does not oppose Defendants' motion with respect to Defendant Tomlin. *See id.* Indeed, in a motion Plaintiff filed recently asking about the status of Defendants' motion (Doc. 40), Plaintiff mentioned only his claim against Defendant Garner, summarizing his case as follows: "Plaintiff filed this case against [Defendant] Garner on June 24[,] 2022 for claims of deliberate indifference to Plaintiff's safety, and Plaintiff being sexually assaulted by another inmate due to [Defendant] Garner's statements." *See* Doc. 40 at 1.

Given Plaintiff appears to pursue only a claim against Defendant Garner and otherwise finding Plaintiff fails to state a plausible retaliation claim against Defendant Tomlin, the Court finds Defendants' motion is due to be granted in part to the extent that the retaliation claim against Defendant Tomlin will be dismissed. *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (stating the elements of a retaliation claim). Notably, Plaintiff does not allege in his complaint or argue in his response to Defendants' motion that Defendant Tomlin took adverse action against him for having filed grievances or complaints or violated his rights under the Eighth Amendment (e.g., by unnecessarily withholding medical care for a serious medical need). *See*

4

*generally* Doc. 1; Doc. 29. Rather, the basis of his sole retaliation claim against Defendant Tomlin is that Tomlin would not permit him to report Defendant Garner's actions. *See* Doc. 1 at 3, 8.

Second, Plaintiff does not assert a retaliation claim against Defendant Garner, and he indicates in his complaint that he names Defendant Garner solely in his individual capacity. *See* Doc. 1 at 2, 3; *see also generally* Doc. 29. As such, to the extent Defendants seek dismissal of a retaliation claim against Defendant Garner and invoke Eleventh Amendment immunity, Defendants' motion is due to be denied in part as moot.

Finally, accepting as true that Defendant Garner directed Inmate Workman to "take care of [Plaintiff]" for being a snitch and child molester, and Inmate Workman—at Defendant Garner's instruction—forced Plaintiff to engage in a sex act at knife point, Plaintiff states a plausible Eighth Amendment claim against Defendant Garner. Prison guards have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates," which includes protecting them from known risks of harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *See also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1102 (11th Cir. 2014) ("[A] prison guard violates a prisoner's Eighth Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm

5

to another, yet fails to take any action to investigate, mitigate, or monitor that substantial risk of serious harm.").

Plaintiff's allegations permit the reasonable inference that Defendant Garner objectively and subjectively knew Inmate Workman would harm Plaintiff and failed to "take any action to . . . mitigate[] or monitor that substantial risk of serious harm." *See Caldwell*, 748 F.3d at 1102. Whether Inmate Workman sexually assaulted Plaintiff at Defendant Garner's instruction and had the opportunity to commit the assault because of Defendant Garner's failure to mitigate or monitor the known risk of harm are issues to be addressed on a more complete record at summary judgment or trial. Defendants' suggestion that Plaintiff merely alleges Defendant Garner "verbal[ly] taunt[ed]" Plaintiff is disingenuous and inaccurate. *See* Doc. 27 at 7.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 27) is **GRANTED in part** and **DENIED in part** as stated herein.

2. Plaintiff's Motion to Request Status of Defendants' Motion to Dismiss (Doc. 40) is **GRANTED** to the extent the Court rules on Defendants' Motion in this Order.

     3.     The retaliation claim against Defendant Tomlin is **dismissed**, and the **Clerk** shall terminate Defendant Tomlin as a party to this action.

     4.     Defendant Garner must answer the complaint (Doc. 1) within **twenty days** of the date of this Order.

     **DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January 2024.

                                                     BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Lee M. Johnson
Counsel of Record